OGDENSBURGH & LAKE CHAMPLAIN R. Co. *v.* THE NORTHERN R. Co. OF NEW HAMPSHIRE and others.

*(Circuit Court, D. New Hampshire. February 24, 1881.)*

1. BILL FOR ACCOUNT—SEVERAL AND DISTINCT ACCOUNTS—PARTIES.

In Equity. Demurrer to Amended Bill.

*Sidney Bartlett* and *Wallace Hachett*, for complainant.

*Mr. Wilson* and *J. H. Benton, Jr.*, for defendants.

LOWELL, C. J. This bill is brought upon the same contract which was under consideration by this court in the district of Massachusetts in a case heard by Mr. Justice Clifford and myself,—*Ogdensburgh & Lake Champlain R. Co. v. Boston &*

*Lowell R. Corp.* 4 FED. REP. 64. We then gave a construction to this very singular and difficult contract, and held that the four railroad companies, who are its parties of the third part, had agreed severally with the plaintiff corporation to repay to it the large sum which it had advanced, to the extent of the gross proceeds of the business in said contract mentioned and provided for, and only to this extent. The demurrer to the bill in that case was sustained because there was no allegation as to the amount of gross earnings, and because it did not appear that Smith & Stark, the trustees of the sinking fund, had no fund in their possession applicable to the payment of the debt. In the present case the bill has been amended to meet the objections which were sustained in the other case. The principal point made in support of the demurrer is that the Nashua & Lowell Railroad Company, against whom a separate suit is pending, being within the state of New Hampshire, ought to have been made a party defendant.

It was intimated in the former decision that if all four of the borrowing corporations had been found in one district, a single suit might properly have been sustained against them; but we held that they were not necessary parties. The amended bill demands only one-fourth of the debt from this defendant, and, if its gross earnings are equal to that sum, I do not see that the other corporations are even proper parties to that inquiry. At all events, there is no advantage in joining two out of four of the accounting parties, each account being several and distinct.

Demurrer overruled.